IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-00347-CR-W-RK |
| | ) | |
| SCOTT D. CROW, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Before this Court are Defendant Scott D. Crow's ("Defendant") objections to Magistrate Judge John T. Maughmer's Report and Recommendation (Doc. 29) concluding that Defendant's Motion to Suppress (Doc. 18) should be denied. The Court has conducted an independent review of Judge Maughmer's Report and Recommendation, as well as the parties' filings submitted before and in response. The Court DENIES Defendant's motion and OVERRULES his objections. The Report and Recommendation is hereby ADOPTED.[1]

---

[1] In so adopting, the Court notes Defendant's objection that Judge Maughmer applied the wrong legal standard in assessing whether the exigent circumstances exception to the Fourth Amendment's warrant requirement justified the warrantless entries into Defendant's apartment. Defendant contests Judge Maughmer's statement that, "In assessing the presence of such exigent circumstances, '[t]he question . . . is not whether there was actual probable cause and exigent circumstances, but whether the officers could reasonably have thought so.' *Greiner v. City of Columbia*, 27 F.3d 1346, 1353 (8th Cir. 1994)" on the ground that citation involves whether an officer has qualified immunity in a civil rights action. (Doc. 29 at 7.) As to that contention, the Court observes no conflict with jurisprudence rooted in criminal law. *See, e.g., United States v. Leveringston*, 397 F.3d 1112, 1116 (8th Cir. 2005) ("In evaluating whether a warrantless entry was justified by exigent circumstances, we consider the circumstances that confronted the police at the time of the entry. As with most issues arising under the Fourth Amendment, we apply an objective standard to evaluate the reasonableness of an assertion that exigent circumstances justified a warrantless search. . . .We examine . . . what an objectively reasonable officer on the scene could have believed, for if such an officer would have had sufficient grounds to believe there was an exigency, then the Fourth Amendment did not require a warrant, and the suspect's constitutional rights were not violated by a warrantless entry.").

Additionally, although Defendant presented no lengthy argument in his Motion to Suppress briefing that challenged specifically whether the police had probable cause to believe the apartment contained a methamphetamine lab, he argues now that Judge Maughmer did not address the matter of probable cause. *See United States v. Reed*, 545 Fed. Appx. 579, 582 (8th Cir. 2013) (holding that exigent circumstances justify an officer's warrantless entry when the officer had probable cause to believe methamphetamine was being manufactured) (citation omitted). For the reasons set forth in the

s/ Roseann A. Ketchmark
                                                                    ROSEANN A. KETCHMARK, JUDGE
                                                                    UNITED STATES DISTRICT COURT

DATED: February 9, 2016

---

Government's response to Defendant's Motion to Suppress, the Court finds that the officer had probable cause to believe the apartment contained a methamphetamine lab. (Doc. 21 at 9-11.)